## COLLISION BETWEEN AUTOMOBILE AND STREET CAR.

Court of Appeals for Hamilton County.

THE CINCINNATI TRACTION COMPANY v. RAYMOND R. REILLY.[*]

Decided, April, 1914.

*Negligence at a Street Crossing—Attempt to Turn Automobile Into Narrow Street Upon Which There Was a Street Railway—Machine Struck by Approaching Car.*

Where a chauffeur in attempting to turn into a narrow street collided with a slowly moving street car before he had crossed the curb line, it is evident he did not exercise the care and prudence required by law, and a judgment recovered by him for damages to his machine will be reversed.

*Miller Outcalt,* for plaintiff in error.
*W. E. Brooks* and *Herbert Jackson,* contra.

JONES (Oliver B.), J.; SWING, J., and JONES (E. H.), J., concur.

This was an action below for injury to an automobile, and the loss of hire for same while it was out of commission, resulting from a collision between the automobile and a car of the Cincinnati Traction Company, which occurred on the night of May 1, 1910, upon John street just south of Court street.

The automobile was owned by plaintiff, who operated automobiles for hire under the name of the American Auto Livery Company, and it was driven at the time of the accident by Richard White, who was a chauffeur in the employ of the plaintiff below, and who responding to a call, had gone out to Chester Park and obtained a load of four men and was bringing them back to the city. During the ride they had made several stops

*Affirmed by the Supreme Court without opinion, May 11, 1915.

for refreshments, and it is charged that some of the passengers at least were under the influence of liquor. The course of the automobile was east on Court street and its driver undertook to enter John street from Court street. John street is very narrow, and has in its center a single car track on which defendant's cars are operated northwardly.

Plaintiff's chauffeur testified that it was impossible for the machine he was driving, which was a large seven passenger Packard, to pass a street car on John street unless parallel with and close up to the curb of the street, and that on turning in from Court street he could not put it in such a position without passing over onto the track of the street car.

All of the witnesses in the case who describe the collision, except the chauffeur, agree that it took place almost at the south line of Court street just after the machine had turned into John street, and also agree that the machine was pushed but a short distance, two or three feet, by the car, which stopped at once and which had been running slowly. When stopped, the front of the machine was jammed into the fender of the car which was reversed and drawn back to free it, and the front of the machine was then at about the south street line while its rear was at about the south curb line. None of the passengers were injured, although the machine was badly damaged.

The evidence does not make out a case of negligence on the part of the defendant. The car was being operated at not more than the usual rate of speed and no opportunity was given to the motorman to stop in time to avoid the collision, which took place almost immediately upon the entrance of the automobile into John street, while from the chauffeur's testimony it is evident that he did not exercise the ordinary care and prudence which is required of him by law, in turning into John street under the circumstances, and the collision was therefore the result of his own negligence.

We are of the opinion that the verdict is not supported by the evidence, and the judgment is therefore reversed and the cause remanded for a new trial.